

United States District Court
Southern District of Texas
**ENTERED**
May 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLAY MENEFEE, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:24-CV-4492 |
| § | |
| JOHN DOE and GRMEC EXPEDITE, § | |
| INC., § | |
| § | |
| *Defendant*. § | |

# ORDER

Pending before the Court is Defendant GRMEC Expedite, Inc.'s ("Defendant" or "GRMEC") Motion for Summary Judgment. (Doc. No. 7). Plaintiff Clay Menefee ("Plaintiff") failed to file a response. Having considered the Motion, evidence, and applicable law, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 7).

## I.   Background

This is a personal injury suit brought as a result of a car accident on March 7, 2024. (Doc. No. 1-4 at 2). Plaintiff alleges that his vehicle was disabled and parked on the shoulder of the North Loop in Houston, Texas when an unknown individual, whom Plaintiff identifies as John Doe, struck Plaintiff's vehicle. (*Id.*). John Doe was allegedly operating a truck and trailer at this time in the course and scope of his employment with GRMEC. (*Id.*). Plaintiff asserts a negligence cause of action against John Doe. (*Id.*). As against GRMEC, Plaintiff asserts a cause of action for negligent hiring, training, supervising, and entrustment, as well as vicarious liability for the negligence of John Doe in the course and scope of his employment. (*Id.* at 3).

GRMEC removed this action from Texas state court and now seeks summary judgment. Defendant contends that Plaintiff has misidentified GRMEC as a party to this lawsuit. As such, Defendant concludes that the Court should dismiss Plaintiff's claims against it.

1

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III.    Analysis

To establish negligence, Plaintiff must show that Defendant owed them a duty, breached that duty, and damages that were proximately caused by the breach. *Werner v. Colwell*, 909 S.W.2d

866, 869 (Tex. 1995). Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).

All of Plaintiff's claims are premised on the notion that Plaintiff was involved in an accident with a GRMEC truck. *See* (Doc. No. 1-4). GRMEC, however, provided evidence that none of the company's vehicles were within 100 miles of Houston the night of the incident in question. (Doc. No. 7-2). GRMEC proffered a milage log that includes the origin and destination of each truck for every trip made between March 7 and March 8, 2024. (*Id.* at 3–5). Notably, the log also provides the starting and ending odometer reading for each truck after each trip. (*Id.*). The log establishes that no GRMEC truck was in the Houston area between March 7 and March 8, 2024. (*Id.*). Moreover, even if John Doe was acting *outside* the course and scope of his employment, the odometer readings prove that the truck could not have been in the area.

Thus, the undisputed evidence proves that GRMEC could not have been the responsible party in this action. The logs also show that John Doe, alleged to be an employee of GRMEC, was not driving a truck in the Houston area on March 7, 2024. Moreover, Plaintiff has not served any employee of GRMEC that he claims is John Doe. As such, this action is dismissed.

### IV.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss (Doc. No. 7). It also dismisses Defendant John Doe pursuant to Federal Rule of Civil Procedure 4(m). Since this Order dismisses all claims against all parties, this Order constitutes a final, appealable judgment.

Signed at Houston, Texas, this 19th day of May, 2025.

Andrew S. Hanen
United States District Judge